32 F.3d 16
 UNITED STATES of America, Appellee,
v.
Richard COLE, also known as Joseph James, Defendant-Appellant.
 No. 1323, Docket 93-1653.
 United States Court of Appeals,
Second Circuit.
 Argued May 2, 1994.
Decided July 21, 1994.
 
 Michael A. Battle, Asst. Federal Public Defender, Buffalo, NY, for defendant-appellant.
 John E. Rogowski, Asst. U.S. Atty., W.D.N.Y. (Patrick H. NeMoyer, U.S. Atty., of counsel), for appellee.
 Before: PRATT and WALKER, Circuit Judges, and MOTLEY, Senior District Judge for the Southern District of New York, sitting by designation.
 GEORGE C. PRATT, Circuit Judge:
 
 
 1
 This case presents an issue of first impression in this court: whether 8 U.S.C. Sec. 1326(b)(1) constitutes a separate criminal offense from Sec. 1326(a) or whether it is a sentence-enhancement provision. Section 1326 prohibits the reentry of deported aliens into the United States. Subsection (a) establishes a two-year statutory maximum. For aliens who were deported after a felony conviction, subsection (b)(1) increases the maximum to five years; for aliens deported after an aggravated-felony conviction, subsection (b)(2) increases the maximum to fifteen years.
 
 
 2
 If subsection (b) creates a separate offense, then, of course, the prior felony must be proven at trial as an element of the offense. On the other hand, if subsection (b) is simply a sentence-enhancement provision, as it was treated by the district court, then the prior felony need not be proven until sentencing.
 
 FACTS AND BACKGROUND
 
 3
 Richard Cole is a citizen of Jamaica. In 1990 he was convicted of two narcotics offenses in the State of New York. After serving concurrent sentences of incarceration for those crimes, he was paroled into the custody of the Immigration and Naturalization Service ("INS") in April 1991 and was deported to Jamaica on May 20, 1991.
 
 
 4
 On November 7, 1992, Cole was riding a train from Toronto, Ontario, Canada, bound for New York City. When the train reached the Canada-United States border at the Whirlpool Bridge at Niagara Falls, inspectors from the INS interviewed the passengers for entry into the United States. Cole told the INS inspector that he was a Canadian citizen named Joseph James. For identification, he presented a Canadian birth certificate, a Canadian social-insurance card, and a Toronto Metro Pass, all bearing the name Joseph James.
 
 
 5
 When questioned by a second INS inspector, Cole was unable to answer questions about the politics and geography of Canada. Not convinced that Cole's claim of having been born, raised, and educated in Toronto was true, the inspector removed Cole from the train. Once off the train, Cole admitted that his name was actually Richard Cole and that he was a Jamaican citizen. Further investigation revealed that Cole had not applied for permission to reenter the United States after his 1991 deportation, as required by 8 U.S.C. Sec. 1326(a).
 
 
 6
 A grand jury then returned a three-count indictment against Cole, charging him with (1) illegal reentry into the United States after prior deportation, in violation of 8 U.S.C. Sec. 1326; (2) making false statements, in violation of 18 U.S.C. Sec. 1001; and (3) possessing false identification documents with the intent to defraud the United States, in violation of 18 U.S.C. Sec. 1028(a)(4).
 
 
 7
 The illegal reentry statute provides as follows:
 
 
 8
 (a) Subject to subsection (b) of this section, any alien who--
 
 
 9
 (1) has been arrested and deported or excluded and deported, and thereafter
 
 
 10
 (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) * * * the Attorney General has expressly consented to such alien's reapplying for admission; or (B) * * * such alien shall establish that he was not required to obtain such advance consent
 
 
 11
 * * * * * *
 
 
 12
 shall be fined under Title 18, or imprisoned not more than 2 years, or both.
 
 
 13
 (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
 
 
 14
 (1) whose deportation was subsequent to a conviction for commission of a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 5 years, or both
 
 
 15
 * * * * * *
 
 
 16
 8 U.S.C. Sec. 1326 (Supp.1994).
 
 
 17
 Prior to trial, the government gave notice that, in the event Cole was convicted on the illegal-reentry count, it intended to rely on his 1990 New York narcotics convictions as a basis for imposing the increased punishment provided for in 8 U.S.C. Sec. 1326(b)(1). At trial it did not present any proof of the defendant's prior convictions.
 
 
 18
 Cole was convicted on all three counts. As promised, the government requested that the district court sentence Cole according to Sec. 1326(b)(1), and it presented proof of Cole's prior felony convictions in its sentencing papers. Noting the five-year maximum sentence allowed under Sec. 1326(b)(1), the district court sentenced Cole to 60 months' imprisonment, two to three years of supervised release, and a special assessment of $150. Cole now appeals.
 
 DISCUSSION
 
 19
 Prior to 1988, 8 U.S.C. Sec. 1326 provided for a two-year maximum sentence of imprisonment for deported aliens who reentered, or attempted to reenter, the United States. In 1988 congress amended Sec. 1326, leaving the two-year maximum intact under subsection (a), but increasing the maximum term to five years under subsection (b)(1) for an alien whose deportation followed a felony conviction, and to fifteen years under subsection (b)(2) for an alien whose deportation followed an aggravated-felony conviction. The district court sentenced Cole under subsection (b)(1) to the maximum five-year term, because his 1991 deportation followed his two felony convictions in New York.
 
 
 20
 Cole argues that Sec. 1326(b)(1) constitutes a separate offense from Sec. 1326(a) and that a prior felony conviction is an element of a Sec. 1326(b)(1) offense. He claims that because the indictment did not charge him with violating Sec. 1326(b)(1) and because the government presented no proof at trial of his prior felony convictions, he was convicted under only Sec. 1326(a) and cannot be sentenced under Sec. 1326(b)(1). If Cole is correct, then he would be subject to a two-year, rather than a five-year, statutory maximum.
 
 
 21
 The government responds that Sec. 1326(b)(1) does not set forth a separate crime for which a prior felony conviction is an essential element, but that it is merely a penalty enhancement for the crime of reentry after deportation that is defined under Sec. 1326(a). Consequently, it claims, Cole's prior felony convictions were not elements to be proven at trial, but were only factors to be raised at sentencing.
 
 
 22
 The four courts of appeals that have addressed this issue have split on whether Sec. 1326(b) constitutes a separate offense from Sec. 1326(a) or is simply a sentence enhancement. The ninth circuit was the first to consider the question. Relying on a comparison to the structure of Sec. 1325(a), the statute governing illegal alien entry into the United States, it held that subsections (a), (b)(1), and (b)(2) of Sec. 1326 identified separate crimes. United States v. Campos-Martinez, 976 F.2d 589, 592 (9th Cir.1992); United States v. Gonzalez-Medina, 976 F.2d 570, 571 (9th Cir.1992); United States v. Arias-Granados, 941 F.2d 996, 998-99 (9th Cir.1991). In the ninth circuit, therefore, to obtain the longer sentences found in subsection (b), the government must charge a defendant with violating Sec. 1326(b), and must prove the prior conviction at trial.
 
 
 23
 Three other courts of appeals have reached the opposite conclusion. The fifth circuit explicitly rejected the ninth circuit's analogy to Sec. 1325(a). United States v. Vasquez-Olvera, 999 F.2d 943, 946 (5th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 889, 127 L.Ed.2d 82 (1994). Holding that congress intended Sec. 1326(b) to be a sentence-enhancement provision, it stated four reasons: (1) only after proof of the elements in subsection (a) do the punishment provisions for special types of offenders in subsection (b) apply; (2) while the penalty provisions in subsection (b) may not be direct multipliers of the penalty provided for in subsection (a), they are directly tied to it; (3) the statute's title indicates that Sec. 1326 provides for one crime, reentry of deported aliens, but harsher penalties for certain classes of deported aliens; and (4) the introductory language of each subsection intertwines the two. Id. at 945-46.
 
 
 24
 Although it disagreed with the fifth circuit's reasoning, the first circuit also concluded that Sec. 1326(b) should be construed as a sentence-enhancement provision. United States v. Forbes, 16 F.3d 1294, 1300 (1st Cir.1994). Finding no guidance in the statute's language, structure, or legislative history, the first circuit looked to policy considerations. Because proof of prior felony convictions is typically considered by the judge rather than the jury, is easily verifiable, and could be highly prejudicial if revealed to the jury, the first circuit held that Sec. 1326(b) was a penalty enhancement based on a defendant's criminal history. Id. at 1299-1300.
 
 
 25
 Finally, the fourth circuit adopted the fifth circuit's reasoning in United States v. Crawford, 18 F.3d 1173, 1177 (4th Cir.1994). It also expressly rejected the ninth circuit's analogy to Sec. 1325 as inconsistent with the plain language of Sec. 1326. Id. at 1178.
 
 
 26
 We agree with the first, fourth, and fifth circuits that Sec. 1326(b) does not create a separate criminal offense, but is a sentence-enhancement provision for the offense defined in Sec. 1326(a).
 
 
 27
 Section 1326 prohibits a deported alien from reentering the United States without the express consent of the Attorney General. 8 U.S.C. Sec. 1326. Subsection (a) sets forth the elements of the offense, provides for the possibility of a fine, and establishes a two-year maximum sentence of imprisonment. Subsection (b) provides for enhanced penalties depending on the offender's criminal history. If the alien was deported following a felony conviction, the statutory maximum is five years; if the alien was deported following an aggravated-felony conviction, the statutory maximum is fifteen years.
 
 
 28
 Section 1326 is analogous to a frequently invoked narcotics-offense statute, 21 U.S.C. Sec. 841. Subsection (a), entitled "Unlawful acts", prohibits distribution, or possession with intent to distribute, of a controlled substance. 21 U.S.C. Sec. 841(a) (1981). Subsection (b), entitled "Penalties", lists the penalties for violating subsection (a), varying the sanctions according to the type of controlled substance involved. 21 U.S.C. Sec. 841(b) (Supp.1994). More important for our analysis, each subdivision of subsection (b) provides a longer statutory maximum for defendants with prior convictions, just like the subdivisions of 8 U.S.C. Sec. 1326(b).
 
 
 29
 Proof of the prior convictions necessary to trigger the increased statutory maximums listed under 21 U.S.C. Sec. 841(b) takes place during sentencing. See, e.g., United States v. Lovell, 16 F.3d 494, 496-97 (2d Cir.1994); United States v. Harwood, 998 F.2d 91, 100-01 (2d Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 456, 126 L.Ed.2d 388 (1993), and cert. denied, --- U.S. ----, 114 S.Ct. 893, 127 L.Ed.2d 86 (1994); United States v. White, 980 F.2d 836, 839 (2d Cir.1992); United States v. Brown, 937 F.2d 68, 69-70 (2d Cir.1991). The penalty provision is applied during sentencing, even though it need not be charged in the indictment nor proved at trial. See Lovell, 16 F.3d at 495-96 (indicted under Sec. 841(a)(1), sentence enhanced under Sec. 841(b)(1)(B) for prior conviction); Harwood, 998 F.2d at 93, 100 (indicted under Sec. 841(a)(1), sentence enhanced under Sec. 841(b)(1)(A) for prior conviction); White, 980 F.2d at 838-40 (same).
 
 
 30
 In the same manner that Sec. 841(b) provides longer statutory maximums for certain narcotics offenders with prior convictions, Sec. 1326(b) provides longer statutory maximums for certain deported aliens with prior convictions who reenter the United States.
 
 CONCLUSION
 
 31
 Section 1326(b) is a sentence-enhancement provision rather than a separate criminal offense. The prior conviction necessary to trigger subsection (b) need not be proven at trial as an element of the offense.
 
 
 32
 The judgment of the district court is affirmed.