

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-1995

# United States v Eversley

Precedential or Non-Precedential:

Docket 94-7482

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"United States v Eversley" (1995). *1995 Decisions.* Paper 146.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/146

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
—————————————

No. 94-7482
—————————————

UNITED STATES OF AMERICA,
Appellee

v.

ANDRE BENSON EVERSLEY,
Appellant
———————————————————————————————

On Appeal From the District Court of the
Virgin Islands (St. Croix)
(D.C. Crim. No. 94-cr-00016)
———————————————————————————————

Argued: April 20, 1995

Before: BECKER, NYGAARD, and ROTH, Circuit Judges

(Filed:  May 31, 1995)

STEPHEN A. BRUSCH, ESQUIRE
(ARGUED)
Office of Federal Public
 Defender
P. O. Box 1327
Charlotte Amalie, St. Thomas
USVI,  00804-1327

Attorney for Appellant

KIM L. CHISHOLM, ESQUIRE
(ARGUED)
Office of United States
 Attorney
United States Courthouse
5500 Veterans Building
Suite 260
Charlotte Amalie, St. Thomas
USVI, G  00802-6924

Attorney for Appellee

_____

OPINION OF THE COURT
_____


BECKER, Circuit Judge.

The defendant, Andre Benson Eversley, a citizen of
Guyana, having been deported from the United States following the
commission of an aggravated felony, was again found in the United
States and was indicted in the District Court of the Virgin
Islands on charges of illegally entering the country.  Pursuant
to a plea bargain, Eversley was permitted to plead guilty to a
violation of 8 U.S.C.A. § 1326(b)(1) (1993) for entering the
country illegally following the commission of a non-aggravated
felony.[1]  The court imposed a sentence of fifty months

_____

[1].  Reentry into the country by a deported alien is governed by
§ 1326, which, at the time of Eversley's conviction, provided:

> § 1326 Reentry of deported alien; criminal penalty for
> reentry of certain deported aliens
>
> (a)  Subject to subsection (b) of this
> section, any alien who --
>
> (1)  has been arrested and
> deported . . . and thereafter
>
> (2) enters . . . or is at any
> time found in the United States . .
> . shall be . . . imprisoned not
> more than 2 years . . . .
>
> (b)  Notwithstanding subsection (a) of
> this section, in the case of any alien
> described in such subsection --

imprisonment.  On appeal, Eversley challenges the propriety of this sentence to the extent that the district court used sentencing guideline § 2L1.2(b)(2), which pertains to defendants with a prior conviction of an aggravated felony and makes that status a specific offense characteristic carrying a sixteen level increase on the base offense level, as opposed to sentencing guideline § 2L1.2(b)(1), which pertains to defendants with a prior conviction of a <u>non</u>-aggravated felony and provides for only a four level increase.[2]  Because we conclude that the district

(..continued)

> > (1)   whose  deportation  was subsequent  to  a  conviction  for commission of . . . a felony (other than  an  aggravated  felony)  such alien shall be . . . imprisoned not more than five years . . . or
>
> > (2)   whose  deportation  was subsequent  to  a  conviction  for commission of an aggravated felony, such  alien  shall  be  .  .  . imprisoned not more than 15 years . . . .

8 U.S.C.A. § 1326 (1993).

[2].  At the time of Eversley's sentencing, section 2L1.2 of the sentencing guidelines provided:

> § 2L1.2.  <u>Unlawfully Entering or Remaining in the United States</u>
>
> (a)  Base Offense Level: 8
>
> (b)  Specific Offense Characteristics
>
> If more than one applies, use the greater:
>
> > (1)  If the defendant previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws, increase by 4 levels.

court's use of guideline § 2L1.2(b)(2) was proper, we will affirm.[3]

I

The defendant, a resident alien, was arrested and convicted during 1988 in Brooklyn, New York for the sale of crack cocaine, an aggravated felony, and was subsequently deported as a controlled substance trafficker in January 1989. In April 1994, he was found within the United States, on the island of St. John, by a United States Immigration Inspector.

Following indictment and plea, the district court sentenced Eversley for a violation of § 1326(b)(1). In so doing, the court applied, pursuant to guideline § 2L1.2(b)(2), a sixteen level enhancement to Eversley's base offense level of eight, which resulted (following the grant of a three level downward adjustment for Eversley's acceptance of responsibility) in a total offense level of 21. Given Eversley's criminal history category of III, the applicable guideline range was forty-six to

(..continued)

> (2) If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels.

U.S.S.G. § 2L1.2 (1993).

[3]. In reaching this result, we need not address the question, raised by Eversley on appeal, whether § 1326(b)(1) and (2) constitute sentence enhancement provisions or criminal offenses distinct from § 1326(a), because Eversley's sentence of 50 months was properly imposed even if we conclude that § 1326(b)(1) and (2) constitute separate criminal offenses. See infra note 5.

fifty-seven months. As we have stated, the court imposed a sentence of fifty months.

At his sentencing hearing Eversley contended that, given his plea bargain agreement, the district court was required to use the four level sentence enhancement of sentencing guideline § 2L1.2(b)(1) (for defendants with a prior conviction of a non-aggravated felony), and a corresponding applicable guideline range of ten to sixteen months, instead of the sixteen level enhancement of § 2L1.2(b)(2) (for defendants with a prior conviction of an aggravated felony), which, as noted, resulted in a much higher range. The district court disagreed, but offered him an opportunity to withdraw his plea if he felt that it did not accord with his original understanding of the plea arrangement. App. at 49 & 51. Eversley declined this offer and argues on appeal that the district court erred, as a matter of law, in applying guideline § 2L1.2(b)(2) to his conviction. Our review is plenary. United States v. Collado, 975 F.2d 985, 989 (3d Cir. 1992).

II

Eversley concedes that he was in fact deported for the commission of an aggravated felony. He nonetheless repeats on appeal his contention that, since his indictment was treated as a violation of § 1326(b)(1) (re-entry after deportation following commission of a felony "other than an aggravated felony") rather than of § 1326(b)(2) (re-entry after deportation following commission of an "aggravated felony"), the district court should have applied the four level enhancement of sentencing guideline

§ 2L1.2(b)(1) (for the prior commission of a non-aggravating felony) as opposed to the sixteen level enhancement of guideline § 2L1.2(b)(2) (for the prior commission of an aggravated felony). Notwithstanding the parallel structure of the guideline and statute, we disagree. The fact that Eversley pled guilty to a violation of § 1326(b)(1) did not eliminate, as we demonstrate, the requirement that the sentencing court apply guideline § 2L1.2(b)(2) to his conviction.

Section 2L1.2(b) provides for an offense level enhancement for violations of § 1326, depending upon the presence of specific offense characteristics, and states: "[i]f more than one applies, use the greater." U.S.S.G. § 2L1.2(b); see id. Application Note 5 ("An adjustment under subsection (b)(1) or (b)(2) for a prior felony conviction applies in addition to any criminal history points added for such conviction in Chapter Four, Part A (Criminal History)."). The sixteen point enhancement of subsection (b)(2) was added by the sentencing commission to strengthen the penalties for violations of § 1326 by eliminating the government's need to request a discretionary upward departure in cases where the defendant had been convicted of a previous aggravated felony. Commentary to Amend. 375.

The structure and language of the guidelines make clear that subsection (b)(2) of § 2L1.2 applies to all violations of § 1326. Section 1B1.2(a) of the guidelines requires a sentencing court, in selecting a guideline, to determine the particular guidelines "most applicable to the offense of conviction." Eversley was indicted for a violation of § 1326(b)(1), and

guideline 2L1.2 applies by its terms to all violations of 8 U.S.C. § 1326. See U.S.S.G. § 2L1.2 (commentary -- statutory provisions). Similarly, the statutory appendix to the guidelines[4] refers to § 2L1.2, in its entirety, for all violations of § 1326. Eversley fails to point to anything in the language or structure of the guidelines or the history surrounding the adoption of § 2L1.2(b)(2) to suggest that the sentencing commission intended it to apply only to violations of § 1326(b)(2). Accordingly, we conclude that the district court was required to apply the sixteen level enhancement of guideline § 2L1.2(b)(2) in this case, even though Eversley pled guilty to a violation of § 1326(b)(1).

Approaching the argument from a slightly different angle, Eversley argues that the nature of the § 1326 violation controls the court's factual determination of the defendant's status as a felon or aggravated felon for purposes of applying the specific offense characteristics of § 2L1.2(b). In particular, he contends that since he only pled guilty to having entered the country illegally following the commission of a non-aggravated felony, the court could not consider in sentencing him the fact that he had actually been deported following the commission of an aggravated felony.

We reject this argument since the district court was required in sentencing the defendant to consider all available

---

[4]. The statutory appendix "specifies the guideline section or sections ordinarily applicable to the statute of conviction." U.S.S.G. Statutory Appendix Introduction.

information in determining whether it was necessary to apply the sixteen level enhancement of § 2L1.2(b)(2).  Guideline § 1B1.3(a)(4) clearly requires the sentencing court to determine the sentence "on the basis of any other information specified in the applicable guideline."  The fact that Eversley pled guilty to subsection (b)(1) of § 1326, as opposed to (b)(2), did not obviate the need of the sentencing court to abide by the dictates of guideline § 1B1.3(a)(4) by assessing the particular character of Eversley's prior convictions and adjusting his sentence for his prior commission of an aggravated felony as specified by § 2L1.2(b)(2).

The two other courts of appeals to have addressed this issue have also reached this conclusion.  In United States v. Frias-Trujillo, 9 F.3d 875 (10th Cir. 1993), the court declared, in upholding the application of the sixteen level enhancement of § 2L1.2(b)(2) to a defendant who pled guilty to a violation of § 1326(b)(1), that the structure of the guidelines "clearly indicates that the sentencing court's consideration is not limited by the particular subsection of 1326 at issue."  Id. at 877.  Moreover, the Ninth Circuit, which is the only circuit to have treated § 1326(b) as a separate criminal offense, see infra note 5, agrees with this analysis; it has concluded that, notwithstanding a defendant's plea to a violation of § 1326(b)(1), "[t]he clear language of the Sentencing Guidelines requires the sentencing court to increase the base offense by sixteen levels, if defendant was deported after conviction for an aggravated felony."  United States v. Pena-Carrillo, 46 F.3d 879,

883–85 (9th Cir. 1995) (relying on <u>United States v. Arias–</u>

<u>Granados</u>, 941 F.2d 996 (9th Cir. 1991)).  Eversley simply offers

no argument to suggest these cases were incorrectly decided.[5]

<sub>5</sub>.  The parties devote much attention to the issue of whether
§ 1326(b) constitutes a separate criminal offense or a sentence
enhancement provision for a violation of § 1326(a).  This issue
implicates whether the government would need to establish a
defendant's status under § 1326(b) as a "felon" or an "aggravated
felon" as an element of a § 1326(b)(1) or (2) offense.  While the
proper characterization of § 1326(b) presents an interesting and
difficult question that has divided the courts of appeals, we
need not address this issue since Eversley's sentence of 50
months was properly imposed even if we assume that § 1326(b)(1)
and (2) constitute distinct criminal offenses.

   This issue was first addressed by a court of appeals in
<u>United States v. Campos–Martinez</u>, 976 F.2d 589, 591 (9th Cir.
1992), where a defendant who had previously been convicted of a
felony was indicted and pled guilty to a violation of § 1326(a)
for illegal entry following deportation.  While § 1326(a) carried
with it a maximum sentence of two years, the district court
imposed a sentence of 30 months, reasoning that § 1326(b)(1) and
(2) did not constitute separate crimes with different elements
and maximum sentences, but instead were merely sentence
enhancements for a violation of § 1326(a).  The Ninth Circuit
reversed and concluded that the defendant's 30 month sentence for
a § 1326(a) violation was improper since it exceeded that
provision's two year statutory maximum.  The court reasoned that
illegal reentry following deportation for the commission of a
felony is a distinct crime, as codified at § 1326(b)(1), and not
"merely a sentence enhancement factor for the crime of reentry
following deportation, which is codified at subsection 1326(a)."
<u>Id.</u> at 592 ("[S]ubsections 1326(a) and 1326(b)(1) describe two
different crimes with different elements and maximum
sentences.").

   After the decision in <u>Campos</u>, four other courts of
appeals addressed this issue, and all four disagreed with <u>Campos</u>
and concluded that the provisions of § 1326(b) are merely
sentence enhancements for a violation of § 1326(a).  <u>See</u> <u>United</u>
<u>States v. Cole</u>, 32 F.3d 16, 19 (2d Cir.) (prior conviction
necessary to trigger subsection (b) need not be proven at trial),
<u>cert. denied</u>, 115 S. Ct. 497 (1994); <u>United States v. Crawford</u>,
18 F.3d 1173, 1177 (4th Cir.) (concluding that any alien who
violates § 1326(a) is "subject to" the penalty provisions of
§ 1326(b)), <u>cert. denied</u>, 115 S. Ct. 171 (1994); <u>United States v.</u>
<u>Forbes</u>, 16 F.3d 1294, 1300 (1st Cir. 1994) ("[P]olicy and
precedent persuade us that § 1326(b) should be construed as a

III

   In sum, Eversley pled guilty and was sentenced under the guidelines to a violation of § 1326(b)(1).  He was fully apprised that under his plea arrangement the court would calculate his sentence pursuant to the sixteen level enhancement of § 2L1.2(b)(2).  In applying this section to his violation, the district court correctly interpreted the dictates of the guidelines.  Accordingly, the judgment of the district court will be affirmed.

(..continued)
sentence enhancement provision."); United States v. Vasquez-Olvera, 999 F.2d 943, 945 (5th Cir. 1993) (same), cert. denied, 114 S. Ct. 889 (1994).
   Eversley asks that we follow the result reached by the Ninth Circuit in Campos and require the government to establish Eversley's status as an "aggravated felon" as an element of a distinct § 1326(b)(2) offense.  But, the sentencing court in this case did not rely on § 1326(b)(2), rather it imposed a sentence -- 50 months -- well within the five year statutory maximum of § 1326(b)(1), a provision to which Eversley pled guilty.  Unlike the district court in Campos, the sentencing court in this case did not rely on the fifteen year maximum sentence of § 1326(b)(2) (for reentry following an aggravated felony conviction) to impose a sentence in excess of the five year (b)(1) statutory maximum.  Therefore, as we have stated, we must leave for another day the resolution of the question whether § 1326(b) constitutes a separate criminal offense or a sentence enhancement provision.