55 F.3d 870
 UNITED STATES of America, Appellee,
v.
Andre Benson EVERSLEY, Appellant.
 No. 94-7482.
 United States Court of Appeals,
Third Circuit.
 Argued April 20, 1995.
Decided May 31, 1995.
 
 Stephen A. Brusch (argued), Office of Federal Public Defender, Charlotte Amalie, St. Thomas, for appellant.
 Kim L. Chisholm (argued), Office of U.S. Atty., Charlotte Amalie, St. Thomas, for appellee.
 Before: BECKER, NYGAARD, and ROTH, Circuit Judges.
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 The defendant, Andre Benson Eversley, a citizen of Guyana, having been deported from the United States following the commission of an aggravated felony, was again found in the United States and was indicted in the District Court of the Virgin Islands on charges of illegally entering the country. Pursuant to a plea bargain, Eversley was permitted to plead guilty to a violation of 8 U.S.C.A. Sec. 1326(b)(1) (1993) for entering the country illegally following the commission of a non-aggravated felony.[1] The court imposed a sentence of fifty months imprisonment. On appeal, Eversley challenges the propriety of this sentence to the extent that the district court used sentencing guideline Sec. 2L1.2(b)(2), which pertains to defendants with a prior conviction of an aggravated felony and makes that status a specific offense characteristic carrying a sixteen level increase to the base offense level, as opposed to sentencing guideline Sec. 2L1.2(b)(1), which pertains to defendants with a prior conviction of a non-aggravated felony and provides for only a four level increase.[2] Because we conclude that the district court's use of guideline Sec. 2L1.2(b)(2) was proper, we will affirm.[3]
 
 
 2
 * The defendant, a resident alien, was arrested and convicted during 1988 in Brooklyn, New York for the sale of crack cocaine, an aggravated felony, and was subsequently deported as a controlled substance trafficker in January 1989. In April 1994, he was found within the United States, on the island of St. John, by a United States Immigration Inspector.
 
 
 3
 Following indictment and plea, the district court sentenced Eversley for a violation of Sec. 1326(b)(1). In so doing, the court applied, pursuant to guideline Sec. 2L1.2(b)(2), a sixteen level enhancement to Eversley's base offense level of eight, which resulted (following the grant of a three level downward adjustment for Eversley's acceptance of responsibility) in a total offense level of 21. Given Eversley's criminal history category of III, the applicable guideline range was forty-six to fifty-seven months. As we have stated, the court imposed a sentence of fifty months.
 
 
 4
 At his sentencing hearing Eversley contended that, given his plea bargain agreement, the district court was required to use the four level sentence enhancement of sentencing guideline Sec. 2L1.2(b)(1) (for defendants with a prior conviction of a non-aggravated felony), and a corresponding applicable guideline range of ten to sixteen months, instead of the sixteen level enhancement of Sec. 2L1.2(b)(2) (for defendants with a prior conviction of an aggravated felony), which, as noted, resulted in a much higher range. The district court disagreed, but offered him an opportunity to withdraw his plea if he felt that it did not accord with his original understanding of the plea arrangement. Eversley declined this offer and argues on appeal that the district court erred, as a matter of law, in applying guideline Sec. 2L1.2(b)(2) to his conviction. Our review is plenary. United States v. Collado, 975 F.2d 985, 989 (3d Cir.1992).
 
 II
 
 5
 Eversley concedes that he was in fact deported for the commission of an aggravated felony. He nonetheless repeats on appeal his contention that, since his indictment was treated as a violation of Sec. 1326(b)(1) (re-entry after deportation following commission of a felony "other than an aggravated felony") rather than of Sec. 1326(b)(2) (re-entry after deportation following commission of an "aggravated felony"), the district court should have applied the four level enhancement of sentencing guideline Sec. 2L1.2(b)(1) (for the prior commission of a non-aggravating felony) as opposed to the sixteen level enhancement of guideline Sec. 2L1.2(b)(2) (for the prior commission of an aggravated felony). Notwithstanding the parallel structure of the guideline and statute, we disagree. The fact that Eversley pled guilty to a violation of Sec. 1326(b)(1) did not eliminate, as we demonstrate, the requirement that the sentencing court apply guideline Sec. 2L1.2(b)(2) to his conviction.
 
 
 6
 Section 2L1.2(b) provides for an offense level enhancement for violations of Sec. 1326, depending upon the presence of specific offense characteristics, and states: "If more than one applies, use the greater." U.S.S.G. Sec. 2L1.2(b); see id. Application Note 5 ("An adjustment under subsection (b)(1) or (b)(2) for a prior felony conviction applies in addition to any criminal history points added for such conviction in Chapter Four, Part A (Criminal History)."). The sixteen level enhancement of subsection (b)(2) was added by the sentencing commission to strengthen the penalties for violations of Sec. 1326 by eliminating the government's need to request a discretionary upward departure in cases where the defendant had been convicted of a previous aggravated felony. Commentary to Amend. 375.
 
 
 7
 The structure and language of the guidelines make clear that subsection (b)(2) of Sec. 2L1.2 applies to all violations of Sec. 1326. Section 1B1.2(a) of the guidelines requires a sentencing court, in selecting a guideline, to determine the particular guidelines "most applicable to the offense of conviction." Eversley was indicted for a violation of Sec. 1326(b)(1), and guideline 2L1.2 applies by its terms to all violations of 8 U.S.C. Sec. 1326. See U.S.S.G. Sec. 2L1.2 (commentary--statutory provisions). Similarly, the statutory appendix to the guidelines[4] refers to Sec. 2L1.2, in its entirety, for all violations of Sec. 1326. Eversley fails to point to anything in the language or structure of the guidelines or the history surrounding the adoption of Sec. 2L1.2(b)(2) to suggest that the sentencing commission intended it to apply only to violations of Sec. 1326(b)(2). Accordingly, we conclude that the district court was required to apply the sixteen level enhancement of guideline Sec. 2L1.2(b)(2) in this case, even though Eversley pled guilty to a violation of Sec. 1326(b)(1).
 
 
 8
 Approaching the argument from a slightly different angle, Eversley argues that the nature of the Sec. 1326 violation controls the court's factual determination of the defendant's status as a felon or aggravated felon for purposes of applying the specific offense characteristics of Sec. 2L1.2(b). In particular, he contends that since he only pled guilty to having entered the country illegally following the commission of a non-aggravated felony, the court could not consider in sentencing him the fact that he had actually been deported following the commission of an aggravated felony.
 
 
 9
 We reject this argument since the district court was required in sentencing the defendant to consider all available information in determining whether it was necessary to apply the sixteen level enhancement of Sec. 2L1.2(b)(2). Guideline Sec. 1B1.3(a)(4) clearly requires the sentencing court to determine the sentence "on the basis of any other information specified in the applicable guideline." The fact that Eversley pled guilty to subsection (b)(1) of Sec. 1326, as opposed to (b)(2), did not obviate the need of the sentencing court to abide by the dictates of guideline Sec. 1B1.3(a)(4) by assessing the particular character of Eversley's prior convictions and adjusting his sentence for his prior commission of an aggravated felony as specified by Sec. 2L1.2(b)(2).
 
 
 10
 The two other courts of appeals to have addressed this issue have also reached this conclusion. In United States v. Frias-Trujillo, 9 F.3d 875 (10th Cir.1993), the court declared, in upholding the application of the sixteen level enhancement of Sec. 2L1.2(b)(2) to a defendant who pled guilty to a violation of Sec. 1326(b)(1), that the structure of the guidelines "clearly indicates that the sentencing court's consideration is not limited by the particular subsection of 1326 at issue." Id. at 877. Moreover, the Ninth Circuit, which is the only circuit to have treated Sec. 1326(b) as a separate criminal offense, see infra note 5, agrees with this analysis; it has concluded that, notwithstanding a defendant's plea to a violation of Sec. 1326(b)(1), "[t]he clear language of the Sentencing Guidelines requires the sentencing court to increase the base offense by sixteen levels, if defendant was deported after conviction for an aggravated felony." United States v. Pena-Carrillo, 46 F.3d 879, 883-85 (9th Cir.1995) (relying on United States v. Arias-Granados, 941 F.2d 996 (9th Cir.1991)). Eversley simply offers no argument to suggest that these cases were incorrectly decided.[5]III
 
 
 11
 In sum, Eversley pled guilty and was sentenced under the guidelines to a violation of Sec. 1326(b)(1). He was fully apprised that under his plea arrangement the court would calculate his sentence pursuant to the sixteen level enhancement of Sec. 2L1.2(b)(2). In applying this section to his violation, the district court correctly interpreted the dictates of the guidelines. Accordingly, the judgment of the district court will be affirmed.
 
 
 
 [1]
 Reentry into the country by a deported alien is governed by Sec. 1326, which, at the time of Eversley's conviction, provided:
 Sec. 1326 Reentry of deported alien; criminal penalty for reentry of certain deported aliens
 (a) Subject to subsection (b) of this section, any alien who--
 (1) has been arrested and deported ... and thereafter
 (2) enters ... or is at any time found in the United States ... shall be ... imprisoned not more than 2 years....
 (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
 (1) whose deportation was subsequent to a conviction for commission of ... a felony (other than an aggravated felony) such alien shall be ... imprisoned not more than five years ... or
 (2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be ... imprisoned not more than 15 years....
 8 U.S.C.A. Sec. 1326 (1993).
 
 
 [2]
 At the time of Eversley's sentencing, Sec. 2L1.2 of the sentencing guidelines provided:
 Sec. 2L1.2. Unlawfully Entering or Remaining in the United States
 (a) Base Offense Level: 8
 (b) Specific Offense Characteristics
 If more than one applies, use the greater:
 (1) If the defendant previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws, increase by 4 levels.
 (2) If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels.
 U.S.S.G. Sec. 2L1.2 (1993).
 
 
 [3]
 In reaching this result, we need not address the question, raised by Eversley on appeal, whether Sec. 1326(b)(1) and (2) constitute sentence enhancement provisions rather than criminal offenses distinct from Sec. 1326(a), because Eversley's sentence of 50 months was properly imposed even if we conclude that Sec. 1326(b)(1) and (2) constitute separate criminal offenses. See infra note 5
 
 
 [4]
 The statutory appendix "specifies the guideline section or sections ordinarily applicable to the statute of conviction." U.S.S.G. Statutory Appendix Introduction
 
 
 [5]
 The parties devote much attention to the issue of whether Sec. 1326(b) constitutes a separate criminal offense or a sentence enhancement provision for a violation of Sec. 1326(a). This issue implicates whether the government would need to establish a defendant's status under Sec. 1326(b) as a "felon" or an "aggravated felon" as an element of a Sec. 1326(b)(1) or (2) offense. While the proper characterization of Sec. 1326(b) presents an interesting and difficult question that has divided the courts of appeals, we need not address this issue since Eversley's sentence of 50 months was properly imposed even if we assume that Sec. 1326(b)(1) and (2) constitute distinct criminal offenses
 This issue was first addressed by a court of appeals in United States v. Campos-Martinez, 976 F.2d 589, 591 (9th Cir.1992), where a defendant who had previously been convicted of a felony was indicted and pled guilty to a violation of Sec. 1326(a) for illegal entry following deportation. While Sec. 1326(a) carried with it a maximum sentence of two years, the district court imposed a sentence of 30 months, reasoning that Sec. 1326(b)(1) and (2) did not constitute separate crimes with different elements and maximum sentences, but instead were merely sentence enhancements for a violation of Sec. 1326(a). The Ninth Circuit reversed and concluded that the defendant's 30 month sentence for a Sec. 1326(a) violation was improper since it exceeded that provision's two year statutory maximum. The court reasoned that illegal reentry following deportation for the commission of a felony is a distinct crime, as codified at Sec. 1326(b)(1), and not "merely a sentence enhancement factor for the crime of reentry following deportation, which is codified at subsection 1326(a)." Id. at 592; see id. ("[S]ubsections 1326(a) and 1326(b)(1) describe two different crimes with different elements and maximum sentences.").
 After the decision in Campos, four other courts of appeals addressed this issue, and all four disagreed with Campos and concluded that the provisions of Sec. 1326(b) are merely sentence enhancements for a violation of Sec. 1326(a). See United States v. Cole, 32 F.3d 16, 19 (2d Cir.) (prior conviction necessary to trigger subsection (b) need not be proven at trial), cert. denied, --- U.S. ----, 115 S.Ct. 497, 130 L.Ed.2d 407 (1994); United States v. Crawford, 18 F.3d 1173, 1177 (4th Cir.) (concluding that any alien who violates Sec. 1326(a) is "subject to" the penalty provisions of Sec. 1326(b)), cert. denied, --- U.S. ----, 115 S.Ct. 171, 130 L.Ed.2d 107 (1994); United States v. Forbes, 16 F.3d 1294, 1300 (1st Cir.1994) ("[P]olicy and precedent persuade us that Sec. 1326(b) should be construed as a sentence enhancement provision."); United States v. Vasquez-Olvera, 999 F.2d 943, 945 (5th Cir.1993) (same), cert. denied, --- U.S. ----, 114 S.Ct. 889, 127 L.Ed.2d 82 (1994).
 Eversley asks that we follow the result reached by the Ninth Circuit in Campos and require the government to establish Eversley's status as an "aggravated felon" as an element of a distinct Sec. 1326(b)(2) offense. But, the sentencing court in this case did not rely on Sec. 1326(b)(2); rather it imposed a sentence--50 months--well within the five year statutory maximum of Sec. 1326(b)(1), a provision to which Eversley pled guilty. Unlike the district court in Campos, the sentencing court in this case did not rely on the fifteen year maximum sentence of Sec. 1326(b)(2) (for reentry following an aggravated felony conviction) to impose a sentence in excess of the five year (b)(1) statutory maximum. Therefore, as we have stated, we must leave for another day the resolution of the question whether Sec. 1326(b) constitutes a separate criminal offense or a sentence enhancement provision.