**UNITED STATES OF AMERICA, Plaintiff**

**v.**

**MANUEL DE JESUS BRITO CAMPUSANO, Defendant**

Crim. No. 95-139

District Court for the District of the Virgin Islands

Div. of St. Thomas and St. John

December 1, 1995

## MEMORANDUM

The United States seeks a ruling whether the defendant's prior felony conviction is an element of the offense charged in the indictment, namely, 8 U.S.C. § 1326(a) & (b)(2). The issue is whether 8 U.S.C. § 1326 (1995), the statute under which the defendant is charged, defines three separate offenses or one offense with three levels of punishment. Because we find that section 1326(b)(2) represents an enhancement provision for the specific offense described in section 1326(a), we hold that proof of a prior felony conviction is not an element of the crime charged.

## Facts

The indictment charges that the defendant, "after having been arrested and deported from the United States, did thereafter attempt to enter the United States, the Attorney General not having expressly consented to an application for admission .... In violation of Title 8, United States Code, Sections 1326(a) and (b)(2)." The defendant was arrested after attempting to enter the United States at the Cyril E. King Airport in St. on June 17, 1995. The defendant is alleged to be a citizen of the Dominican Republic, to have two previous drug convictions, and to have been previously deported on September 11, 1992.

## Discussion

Section 1326 of Title 8 of the United States Code reads as follows:

§ 1326. *Reentry of deported alien; criminal penalties for reentry of certain deported aliens*

(a) Subject to subsection (b) of this section, any alien who —

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection —

(1) whose deportation was subsequent to a conviction for commission of a felony (other than an aggravated felony),

219

such alien shall be fined under Title 18, imprisoned not more than 10 years or both; or

(2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

The government argues that section 1326(b)(1) & (2) are enhancement provisions for the specific crime whose elements are found in section 1326(a). Reading the statute this way means that a defendant may be found guilty on proof that 1) she had been deported, and 2) she had attempted to reenter, or was found in, the United States without permission. Only at sentencing would proof of any prior convictions be relevant for purposes of determining what punishment is appropriate.

■ While the United States Court of Appeals for the Third Circuit has noted this issue and refrained from reaching it, *see United States v. Eversley*, 55 F.3d 870, 871 n.3 (3d Cir. 1995), six other circuits have addressed it. *United States v. Palacios-Casquete*, 55 F.3d 557 (11th Cir. 1995); *United States v. Cole*, 32 F.3d 16, 19 (2d Cir.), *cert. denied*, 130 L. Ed. 2d 407, 115 S. Ct. 497 (1994); *United States v. Crawford*, 18 F.3d 1173, 1177 (4th Cir. 1994); *United States v. Forbes*, 16 F.3d 1294, 1300 (1st Cir. 1994); *United States v. Vasquez-Olvera*, 999 F.2d 943, 946 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 889 (1994); *and United States v. Campos-Martinez*, 976 F.2d 589, 592 (9th Cir. 1992). Of the six, only the Court of Appeals for the Ninth Circuit has concluded that sections 1326(b)(1) and (2) represent separate offenses. We agree with the Court of Appeals for the First, Second, Fourth, Fifth and Eleventh Circuits which have held that sections 1326(b)(1) and (2) do not define separate offenses but merely provide penalty enhancements where the alien is proved at sentencing to be a previously convicted felon.

We are especially persuaded by the Fourth Circuit Court of Appeal's analysis of the statutory language and evolution of the statute. 18 F.3d at 1176-77; *accord Vasquez-Olvera*, 999 F.2d at 945. Before 1988 section 1326 essentially consisted of the text of subsection (a). The text of subsection (b) was added by amendment in 1988. We agree that the plain language of the statute in its current form supports the conclusion that section 1326(b) is a

sentencing enhancement provision. Subsection (a) is made expressly "subject to subsection` (b)." In addition subsection (b) provides harsher penalties for certain classes of aliens "notwithstanding subsection (a)." Clearly the "notwithstanding" language refers to the less harsh penalties of subsection (a) and the "subject to" clause allows the greater penalties of subsection (b) to apply where appropriate. This linguistic structure of section 1326 belies any imputation of Congressional intent to establish three separate offenses.

Our conclusion that section 1326 sets forth one offense with different possible penalties has the salubrious effect of eliminating any concern over prejudice to the defendant. Under our holding here, introducing such evidence before the jury would be unduly prejudicial not probative of any element of the offense charged. Moreover, judges virtually always take a defendant's prior criminal history into consideration at the time of sentencing. Thus, holding that proof of an earlier felony conviction is only appropriate at the sentencing stage under subsection 1326(b) comports with the policy of avoiding the introduction of such inherently prejudicial evidence to the jury and with the common practice of judges considering a defendant's prior criminal history at sentencing. *United States v. Forbes*, 16 F.3d at 1299-1300.

### Conclusion

■■ For the foregoing reasons we hold that the only elements the government must prove to establish an offense under 8 U.S.C. § 1326 are (1) that the defendant has been arrested and deported or excluded and deported, and (2) has entered, attempted to enter, or been found in the United States without authorization from the Attorney General. We further rule that the government may not offer evidence of the defendant's prior conviction before the jury during trial. Proof of any earlier convictions may only be presented for the judge at sentencing. An appropriate order is appended.

ORDER

For the reasons set forth in the accompanying memorandum, it is hereby

ORDERED that the only elements the government must prove to

establish an offense under 8 U.S.C. § 1326 are (1) that the defendant has been arrested and deported or excluded and deported, and (2) has entered, attempted to enter, or been found in the United States without authorization from the Attorney General, and it is further

ORDERED that the government may not offer evidence of the defendant's prior conviction before the jury during trial. Proof of any earlier convictions may only be presented for the judge at sentencing.