9 F.3d 875
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo FRIAS-TRUJILLO, Defendant-Appellant.
 No. 92-2257.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 9, 1993.
 
 Jana M. Miner, Asst. Federal Public Defender, Las Cruces, NM, for defendant-appellant.
 Don J. Svet, U.S. Atty., Judith A. Patton and Charles L. Barth, Asst. U.S. Attys., D. New Mexico, Las Cruces, NM, for plaintiff-appellee.
 Before McKAY, Chief Judge, LOGAN and TACHA, Circuit Judges.
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Alfredo Frias-Trujillo appeals his sentence for re-entry into the United States after deportation in violation of 8 U.S.C. Sec. 1326(b), claiming that the district court erred in calculating his sentence under U.S.S.G. Sec. 2L1.2(b). Mr. Frias was convicted of burglary in Texas in May 1989. He was sentenced to twenty-five years imprisonment, and was deported in June 1991. Shortly thereafter, Mr. Frias re-entered the United States, and was arrested in New Mexico in November 1991 for burglary. Approximately one week later, Immigration and Naturalization Service agents interviewed Mr. Frias regarding his immigration status, and Mr. Frias admitted he was in the country illegally. Mr. Frias was subsequently charged with re-entry after deportation "[i]n violation of 8 U.S.C. 1326 and 8 U.S.C. 1326(b)." (R. Vol. I Doc. 1.) Mr. Frias eventually pled guilty.
 
 
 3
 The presentence report calculated Mr. Frias' base offense level at eight, pursuant to U.S.S.G. Sec. 2L1.2. The PSR then recommended a sixteen-level increase pursuant to Sec. 2L1.2(b)(2), based on the determination that the May 1989 burglary in Texas constituted a "crime of violence" so as to be an "aggravated felony" within the meaning of that section. Mr. Frias objected to this characterization, and the trial court accepted Mr. Frias' proffer that the crime was committed during the day and no person or property was injured. Nevertheless, the trial court concluded that the burglary was a crime of violence because it involved "a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." (R. Vol. II at 4.) The trial court then applied the sixteen offense level increase to Mr. Frias' base offense level of eight, granted a two-level downward departure for acceptance of responsibility, and imposed the statutory maximum sentence of sixty months, with three years supervised release.
 
 
 4
 Mr. Frias appeals, arguing that under U.S.S.G. Sec. 2L1.2(b)(1), the increase to the base offense level should have been only four rather than eight, for a total offense level of ten after the departure for acceptance of responsibility. With Mr. Frias' criminal history level of VI, his maximum sentence would then have been twenty-four to thirty months. We affirm the district court's sentence.
 
 
 5
 The district court's legal interpretation of the Sentencing Guidelines is a question of law, subject to de novo review. United States v. Lambert, 995 F.2d 1006, 1008 (10th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 333, 126 L.Ed.2d 278 (1993).
 
 
 6
 Mr. Frias raises three arguments on appeal. First, he argues that, under Texas law, the May 1989 burglary does not constitute a "crime of violence" as defined under 18 U.S.C. Sec. 16(b), so as to permit a court to impose a sixteen-level offense increase under Sec. 2L1.2(b)(2) for an "aggravated felony." Section 2L1.2 defines an "aggravated felony" as "any crime of violence (as defined in 18 U.S.C. Sec. 16 ...) for which the term of imprisonment imposed ... is at least five years." U.S.S.G. Sec. 2L1.2, comment. (n. 7). A "crime of violence" under 18 U.S.C. Sec. 16 is defined as follows:
 
 
 7
 (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
 
 
 8
 (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
 
 
 9
 18 U.S.C. Sec. 16. The legislative history to Sec. 16 notes that "offenses such as burglary in violation of a State law ... would be included in [Sec. 16(b) ] inasmuch as such an offense would involve the substantial risk of physical force against another person or against the property." S.Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S.S.C.A.N. 3182, 3487.[1] Mr. Frias urges this court to hold that, because in this particular case nobody was at home, no property was damaged, and nobody was injured, the burglary was not a "crime of violence." There is no indication that Congress intended "that a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case." Taylor v. United States, 495 U.S. 575, 601, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990). We therefore affirm the district court's finding that the Texas burglary constituted a "crime of violence" for purposes of Sec. 2L1.2(b)(2).
 
 
 10
 Mr. Frias next argues that, since the indictment was treated as a violation of Sec. 1326(b)(1) (re-entry after deportation subsequent to a felony "other than an aggravated felony"), rather than of Sec. 1326(b)(2) (re-entry after deportation subsequent to an "aggravated felony"), the district court erred in applying Sec. 2L1.2(b)(2)'s enhancement provision. Essentially, Mr. Frias argues that there is a direct correlation between Sec. 1326(b)(1) and Sec. 2L1.2(b)(1) of the Guidelines (increase for prior deportation after conviction for a "felony"), and between Sec. 1326(b)(2) and Sec. 2L1.2(b)(2) (increase for prior deportation after conviction for an "aggravated felony"). Since Mr. Frias pled guilty to a violation of Sec. 1326(b)(1), he argues, the district court erred in enhancing his sentence under Sec. 2L1.2(b)(2).[2] While Mr. Frias' argument enjoys a certain symmetry, we believe that a review of the history and structure of Sec. 2L1.2 indicates that the symmetry is but an illusion.
 
 
 11
 Under the Guidelines, the sentencing court is directed to select the appropriate guideline in light of the crime of conviction. The Guidelines provide that Sec. 2L1.2 is the appropriate guideline for violations of Sec. 1326. U.S.S.G. Sec. 2L1.2, comment. (statutory provisions); id., App. A at 396. Neither the commentary nor the statutory appendix breaks down the applicability of Sec. 2L1.2(b) into subsections. Furthermore, the Guidelines direct the district court to consider the "specific offense characteristics" in determining the appropriate sentencing range within the applicable guideline. U.S.S.G. Sec. 1B1.2, comment. (n.2). Section 2L1.2(b) is explicitly captioned "Specific Offense Characteristics," and states "[i]f more than one applies, use the greater." U.S.S.G. Sec. 2L1.2(b). This language clearly indicates that the sentencing court's consideration is not limited by the particular subsection of Sec. 1326 at issue. The Ninth Circuit has adopted a similar view. See United States v. Arias-Granados, 941 F.2d 996 (9th Cir.1991) (holding that sentences of defendants who pled guilty to a violation of Sec. 1326(a) could be enhanced under U.S.S.G. Sec. 2L1.2(b)(1)).
 
 
 12
 A brief review of the history of Sec. 2L1.2 further supports this conclusion. Subsection (b)(1) first appeared in amendment 193 to the Guidelines, effective November 1, 1989. See U.S.S.G.App. C at 87. At that time, the section provided for a four-level increase for deportation following a conviction for any felony other than one involving violation of the immigration laws. Id. At the same time, the Commentary was amended to include the following application note:
 
 
 13
 3. A 4-level increase is provided under subsection (b)(1) in the case of a defendant who was previously deported after sustaining a conviction for a felony, other than a felony involving a violation of the immigration laws. In the case of a defendant previously deported after sustaining a conviction for an aggravated felony ... an upward departure may be warranted.
 
 
 14
 Id. In 1991, section 2L1.2(b) was again amended, taking its present form with two subsections, one indicating a four-level increase for a prior felony, and the other specifying a sixteen-level increase for a prior aggravated felony. Id. at 199, amend. 375. The commentary to amendment 375 indicates that the purpose of this amendment was to eliminate the need to request an upward departure for a prior aggravated felony, because the Commission had determined that a sixteen-level increase was appropriate in such cases. Id. at 200. Thus, there is no indication that the Commission intended to establish a direct correlation between the respective subsections of Sec. 1326 and Sec. 2L1.2(b). To the contrary, Mr. Frias' logic would indicate the Commission's desire to make the guideline more lenient by forbidding a sixteen-level increase unless the defendant was specifically convicted of a violation of Sec. 1326(b)(2), while the history of Sec. 2L1.2 indicates that the Commission intended to strengthen penalties for violations of Sec. 1326 as a whole by eliminating the need for a discretionary upward departure. We therefore hold that the district court did not err in applying Sec. 2L1.2(b)(2) to enhance the defendant's penalty.
 
 
 15
 Mr. Frias finally argues that if this court holds that there is some ambiguity as to whether there is a direct correlation between the respective subsections of Sec. 1326(b) and Sec. 2L1.2(b), the rule of lenity requires us to give the more lenient interpretation of the penalty. In light of our holding above that the structure and history of Sec. 2L1.2(b) conclusively show that there is no such correlation, we reject this argument.
 
 
 16
 In summary, we hold that the district court correctly applied U.S.S.G. Sec. 2L1.2(b)(2) to Mr. Frias' conviction under 8 U.S.C. Sec. 1326. The sentence is AFFIRMED.
 
 
 
 [1]
 Mr. Frias appears to argue that whether a burglary constitutes a "crime of violence" under 18 U.S.C. Sec. 16 depends upon how the crime is characterized under state law. Appellee's Br. at 8-9. We reject this view, because it would mean that a person convicted of exactly the same activity would, or would not, receive a sentence enhancement, depending on how the particular state characterized the crime. See Taylor v. United States, 495 U.S. 575, 590-91, 110 S.Ct. 2143, 2153-54, 109 L.Ed.2d 607 (1990); see also Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 119-20, 103 S.Ct. 986, 995, 74 L.Ed.2d 845 (1983) (absent plain indication to the contrary, federal laws are not to be construed so that their application is dependent on state law)
 
 
 [2]
 Mr. Frias argues that because the indictment failed to specify whether he was charged with violating Sec. 1326(b)(1) or (b)(2), his plea of guilty to a violation of Sec. 1326(b) must be construed as a plea only to Sec. 1326(b)(1). The district court appears to have adopted this view as well, since it noted that "the statutorily authorized maximum sentence is sixty (60) months for this offense." (R. Vol. I Doc. 13 at 2); (R. Vol. II at 6.) Had the court construed the plea to be to Sec. 1326(b)(2), the statutorily authorized maximum sentence would have been 180 months, or 15 years. 8 U.S.C. Sec. 1326(b)(2). For purposes of our analysis, we construe the indictment as having charged a violation of Sec. 1326(b)(1)