F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 22 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAURICE SPENCER JONES,

Defendant-Appellant

No. 98-3230
(D.C. No. 97-40035-01-RDR)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. BACKGROUND

Defendant-appellant Maurice Spencer Jones pleaded guilty to one count of possessing cocaine base with the intent to distribute it, a violation of 21 U.S.C. § 841(a)(1). The district court assigned Mr. Jones an offense level of thirty-four and a criminal history category of I. It imposed a two-level enhancement under USSG § 2D1.1(b)(1) for possessing a firearm. The court sentenced Mr. Jones to a term of imprisonment of 135 months, followed by a five-year period of supervised release.

The district court held Mr. Jones accountable for distributing between 150 and 500 grams of cocaine base. It considered the cocaine base distributed by Mr. Jones to a confidential informant on three occasions. See Rec. vol. IV, at ¶¶ 26-28. It also relied on a statement from Mr. Jones's brother that Mr. Jones had been kidnaped because he owed money for drugs and that, during the kidnaping, $5,000 worth of "dope" had been stolen from Mr. Jones. See id. at ¶ 29. The presentence report estimated that $5,000 of crack cocaine would amount to 142 grams. Mr. Jones objected to the use of this amount of crack cocaine, but the district court overruled his objection, concluding that the cocaine stolen from Mr. Jones during the kidnaping was part of the same course of conduct as the offense of conviction. See Rec. vol. I doc. 175, at 3.

On appeal, Mr. Jones argues that the district court erred in relying on the $5,000 in crack cocaine in determining the quantity of drugs involved for purposes of sentencing. He also argues that the government has failed to prove that the "dope" referred to in the

presentencing report was actually crack cocaine. As a result, he contends, the district court erred in calculating his offense level. Finally, he also challenges the disparity in the Guidelines' treatment of crack and powder cocaine.

For the reasons set forth below, we affirm Mr. Jones's sentence.


## II. DISCUSSION

The district court's determination of the drug quantity attributable to Mr. Jones and its determination that the substance taken from him was crack cocaine are both factual findings that we review for clear error. United States v. Arias-Santos, 39 F.3d 1070, 1078 (10th Cir. 1994). The district court's rejection of Mr. Jones's constitutional challenge to the Guidelines' treatment of crack cocaine raises legal questions that we review de novo. United States v. Frias-Trujillo, 9 F.3d 875, 876 (10th Cir. 1993).

Under the Sentencing Guidelines, "[t]ypes and quantities of drugs not specified in the count of conviction may be considered in determining the offense level." USSG § 2D.1.1 comment. (n.12). Consideration of such drug quantities is proper if they are part of "the same course of conduct" as the offense of conviction or if they are part of a "common scheme or plan." USSG §§ 1B1.3(a)(2), 3D1.2. The government has the burden of proving the quantity of drugs attributable to the defendant under these standards by a preponderance of the evidence. See Arias-Santos, 39 F.3d at 1078.

In this case, the district court concluded that Mr. Jones's possession of the $5,000

3

of marijuana was part of "the same course of conduct" as the offense of conviction. See Rec. doc. 175, at 3. Offenses are part of "the same course of conduct" if they are "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." USSG § 1B1.3 comment. (n.9). The government need not establish the existence of an overall criminal scheme. Rather, the guideline term contemplates that there be sufficient similarity and temporal proximity to reasonably suggest that repeated instances of criminal behavior constitute a pattern of criminal conduct.'" United States v. Roederer, 11 F.3d 973, 978 (10th Cir.1993) (quoting United States v. Perdomo, 927 F.2d 111, 115 (2d Cir. 1991)). The question is whether "'[a] defendant has engaged in an identifiable 'behavior pattern' of specified criminal activity.'" Id. at 978-79. The sentencing court may consider "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." USSG § 1B1.3 comment. n. 9.

Here, in explaining its conclusion that Mr. Jones's possession of the $5,000 of crack cocaine was part of the same course of conduct as the § 841(a)(1) violation to which he pleaded guilty, the district court noted that the cocaine was taken from him on November 14, 1996, and that the offense of conviction occurred only eleven days later. Additionally, the court noted, the $5,000 in crack cocaine came from the same supplier as the cocaine involved in the offense of conviction.

We discern no clear error in the district court's finding. The factors on which the

4

district court relied are properly considered in the "same course of conduct" inquiry. See Roederer, 11 F.3d at 978-80; USSG § 1B1.3 comment. (n. 9). The evidence presented by the government at sentencing supports the district court's finding, and Mr. Jones offered no evidence to rebut the government's contentions.

We further conclude that the district court did not clearly err in concluding that the substance involved was crack cocaine. The presentence report cites Mr. Jones's brother's statement that $5,000 in "dope" was taken from Mr. Jones. Although it contains no express statement that the $5,000 worth of drugs was crack cocaine, the presentence report sets forth substantial evidence that Mr. Jones was involved in a scheme to distribute crack cocaine. It is well established that "the identity of a controlled substance can . . . be proved by circumstantial evidence and opinion testimony." United States v. Williams, 982 F.2d 1209, 1212 (8th Cir. 1992); United States v. Cantley, 130 F.3d 1371, 1379 (10th Cir. 1997), cert. denied, 118 S. Ct. 1098 (1998); United States v. Silvers, 84 F.3d 1317, 1327 (10th Cir.1996).

Finally, the district court properly rejected Mr. Jones's constitutional challenge to the disparity in the Guidelines' treatment of crack and power cocaine. See United States v. Williamson, 53 F.3d 1500, 1530 (10th Cir. 1995) (rejecting the argument that the Guidelines' distinction between crack and powder cocaine is irrational and finding no constitutional violation).

Accordingly, we AFFIRM the sentence imposed by the district court.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge