**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

EDGAR VASQUEZ-FLORES,
also known as Marcos Igali-Valdez,

      Defendant-Appellant.

No. 01-4045

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 2:00-CR-355-C)

---

Submitted on the briefs:

Theodore R. Weckel, Springville, Utah, for Defendant-Appellant.

Paul M. Warner, United States Attorney, Diana Hagen, Assistant United States Attorney, Salt Lake City, Utah, for Plaintiff-Appellee.

---

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

**BRORBY** , Senior Circuit Judge.

---

Edgar Vasquez-Flores pleaded guilty to one count of illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326. The district court determined his sentence with reference to section 2L1.2(b)(1)(A) of the United States Sentencing Guidelines (USSG) and sentenced him to forty-six months' imprisonment. Mr. Vasquez-Flores appeals from the court's application of the sentencing enhancement imposed pursuant to § 1326(b)(2). Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1), and we affirm. [1]

We review questions of law related to the application or interpretation of the Sentencing Guidelines de novo. *United States v. Frias-Trujillo*, 9 F.3d 875, 876 (10th Cir. 1993). The pertinent guideline mandates a sixteen-level penalty increase if the defendant was deported after an aggravated felony conviction. *See* USSG § 2L1.2(b)(1)(A). The commentary to the guideline defines "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43). *See id.* commentary at n.1. There, "aggravated felony" is defined in relevant part as "a theft offense (including receipt of stolen property) . . . for which the term of imprisonment [is] at least one year." § 1101(a)(43)(G). The phrase "theft offense (including receipt of stolen property)" is not further defined.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Vasquez-Flores argues that "theft offense" means only "theft" and that "theft offense" must be limited to those crimes containing all the elements of theft under Utah state law. He thus asserts that his prior conviction for attempted receiving or transferring a stolen motor vehicle in violation of U.C.A. § 41-1a-1316 is merely a lesser-included offense of theft under Utah state law and, therefore, not a "theft offense" that qualifies as an "aggravated felony."

The district court rejected this argument, and we affirm for two reasons. First, as the Seventh Circuit has pointed out,

> by choosing the words "theft offense" rather than just "theft," and by expressly including "receipt of stolen property," Congress signaled that it was not presenting an exhaustive list of offenses (i.e. just theft and receipt); rather with its word choices, Congress indicated that the phrase ought to be given a broad read. *See [United States v.] Corona-Sanchez*, 234 F.3d [449] at 455 ("If the word 'offense' does not restrict or clarify the word 'theft,' then it must broaden it.").

*Hernandez-Mancilla v. INS*, 246 F.3d 1002, 1008 (7th Cir. 2001). Like the Seventh Circuit, we conclude that "theft offense (including receipt of stolen property)" includes more crimes than just "theft." Further, we have already rejected the view that whether a particular crime constitutes an aggravated felony under the definitions referred to in USSG § 2L1.2(b)(2) depends upon how the crime is characterized under state law. *See Frias-Trujillo*, 9 F.3d at 876 n.1 (rejecting argument because "it would mean that a person convicted of exactly

-3-

the same activity would, or would not, receive a sentence enhancement, depending on how the particular statute characterized the crime.").

The United States argues, [2] and we agree, that in interpreting this sentencing guideline, we should adopt a uniform generic definition of "theft offense (including receipt of stolen property)." *Cf. Taylor v. United States*, 495 U.S. 575, 598 (1990) (adopting uniform definition for the purpose of determining whether a defendant's sentence could be enhanced under 18 U.S.C. § 924 due to a prior burglary conviction). How "theft offense (including receipt of stolen property)" should be defined for purposes of sentencing enhancement has been examined by the Fifth, Seventh, and Ninth Circuits, as well as by the Board of Immigration Appeals (BIA).

The Fifth Circuit simply defined "theft offense" by referencing Black's Law Dictionary and adopting its broad definition of "theft:" "the act of stealing." *United States v. Dabeit*, 231 F.3d 979, 983 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1214 (2001). The Ninth Circuit went a bit farther, examining the development of the crime of theft and noting that it arose from an amalgam of common-law crimes. *United States v. Corona-Sanchez*, 234 F.3d 449, 453-54

---

[2] Although the United States did not raise this argument to the district court, we "may affirm the district court on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *United States v. Edwards*, 242 F.3d 928, 935 (10th Cir. 2001) (quotation omitted).

(9th Cir. 2000). Consequently, that court determined that the definition should derive from the Model Penal Code (MPC) because the MPC reflects a modern understanding of the crime of theft and employs an expansive definition. *Id.* at 454-55. The court adopted the MPC's definition of "theft," which sets forth eight types of theft offenses, including receipt of stolen property and unauthorized use of automobiles and other vehicles. *Id.* at 455.

The BIA looked not only to the MPC but also to the United States Code and various state codes in defining the phrase "theft offense (including receipt of stolen property)." *In re Bahta*, Interim Dec. 3437, 2000 WL 1470462 (BIA Oct. 4, 2000). The BIA noted that the modern view of theft treats as equivalent those who knowingly receive and those who knowingly possess stolen property. *Id.* It determined that use of the parenthetical "(including receipt of stolen property)" was intended to clarify that the term "theft offense" did not require proof that the offender was involved in the actual taking of the property. *Id.* The BIA concluded that the whole definition thus included not only theft but also the "category of offenses involving knowing receipt, possession, or retention of property from its rightful owner" without consent. *Id.*

The Seventh Circuit examined both the MPC and Black's Law Dictionary as well as the definition developed in *Bahta* to arrive at its generic definition. The court held that,

distilled to its essence, . . . the modern, generic, and broad definition of the entire phrase "theft offense (including receipt of stolen property)" is a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent.

*Hernandez-Mancilla*, 246 F.3d at 1009. We find the Seventh Circuit's reasoning to be persuasive and we adopt this definition.

The Utah statute under which Mr. Vasquez-Flores was previously convicted is entitled, "Receiving or transferring stolen motor vehicle . . .," and it prohibits the knowing receipt, transfer, or possession of a stolen vehicle. § 41-1a-1316. In the plea agreement, Mr. Vasquez-Flores pleaded guilty to attempting to knowingly receive or transfer a stolen motor vehicle in violation of this statute, admitting he was knowingly "in possession of a stolen vehicle." R. Doc. 22, Ex. 1 at 2. Because Mr. Vasquez-Flores's conviction entailed a knowing exercise of control over another's property without consent, it fits the definition of "theft offenses (including receipt of stolen property)" described above. His prior conviction thus constitutes an "aggravated felony" under § 1326(b)(2), and the district court properly enhanced his sentence under USSG § 2L1.2(b)(1)(A). The judgment of the United States District Court for the District of Utah is AFFIRMED.