**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SAMUEL SCHULTZ,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General,

Respondent.

No. 06-9546
(No. A38-602-964)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

Samuel Schultz seeks review of a Board of Immigration Appeals (BIA)

decision that ordered him removed to India under 8 U.S.C. § 1227(a)(2)(A)(iii)

for being an alien convicted of an aggravated felony theft offense as defined by

8 U.S.C. § 1101(a)(43)(G).  We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D),

and we deny the petition for review.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Schultz is a native and citizen of India. He was born there in 1981, but became a lawful permanent resident of the United States in 1985 when he was adopted by an American citizen. He never applied for U.S. citizenship. In 2000, Mr. Schultz pleaded guilty to attempting to receive or transfer a stolen vehicle, an offense classified as a felony under Utah law. Then in 2001, Mr. Schultz pleaded guilty to receiving a stolen motor vehicle, also a felony under Utah law. Following these convictions, Mr. Schultz received a Notice to Appear before an Immigration Judge (IJ) to answer to charges of removal as an alien convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). At his removal hearing, Mr. Schultz sought cancellation of removal, asylum, restriction on removal, and protection under the Convention Against Torture (CAT). The IJ denied all forms of relief and ordered Mr. Schultz removed to India. Mr. Schultz appealed, and the BIA reversed.

The BIA found that the evidence relied upon by the government to prove Mr. Schultz's convictions was not properly certified as required by 8 C.F.R. § 1003.41. Consequently, the BIA remanded the case to the IJ who, after the government submitted new records of Mr. Schultz's convictions, again ordered him removed. Mr. Schultz appealed to the BIA a second time, arguing once again that the newly admitted conviction records were also improperly certified. The BIA rejected this argument, however, and affirmed the IJ's removal order.

Mr. Schultz subsequently petitioned this court for review. In his petition, he contends that: (1) the government failed to establish his removability because the evidence of his convictions was not properly certified; (2) the crime of receiving or transferring a stolen motor vehicle does not qualify as an aggravated felony theft offense under § 1101(a)(43)(G); and (3) the IJ erred in finding him ineligible for asylum and cancellation of removal.

## II. Discussion

Our threshold inquiry is whether we have jurisdiction to consider this petition. *See Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1147 (10th Cir. 2005) ("We must first address a threshold jurisdictional question before turning to the merits."). The REAL ID Act added 8 U.S.C. § 1252(a)(2)(D) to provide us with jurisdiction over constitutional claims or questions of law raised in a petition to review a final order of removal. *Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006). Here, Mr. Schultz challenges his classification as an aggravated felon by contending the convictions on which his status was based were not properly certified under 8 U.S.C. §§ 1229a(c)(3)(B) and (C), or 8 C.F.R. §§ 287.6 and 1003.41. This presents the legal question of whether Mr. Schultz was removable under § 1227(a)(2)(A)(iii), which we now have jurisdiction to consider. *Vargas v. Dep't of Homeland Sec.*, 451 F.3d 1105, 1107 (10th Cir. 2006). We therefore turn to the merits of the petition, reminded that we review

the BIA's legal determinations de novo, *Ferry v. Gonzales*, 457 F.3d 1117, 1126 (10th Cir. 2006).

## A. Certification of Conviction Records

Mr. Schultz first claims that the conviction records upon which the IJ based its removal order were not properly certified. These records were admitted as Exhibits 6 and 7. Exhibit 6 is an eleven-page copy of a conviction record indicating that Mr. Schultz pleaded guilty to receiving or transferring a stolen vehicle. Admin. R. at 263-73. Of the eleven pages, only pages one, two, and eleven bear a seal from the Utah state court. The other exhibit, Exhibit 7, is a two-page copy of Mr. Schultz's conviction record indicating that he pleaded guilty to attempting to receive or transfer a stolen vehicle. *Id*. at 261-62. Both pages of that document are affixed with a seal from the Utah court. Citing 8 U.S.C. §§ 1229a(c)(3)(B) and (C), and 8 C.F.R. §§ 287.6 and 1003.41, Mr. Schultz contends that to establish his removability for having been convicted of an aggravated felony, the government must submit "either original documents or records or *certified* copies of official documents or records."[1] Aplt. Br. at 12. Asserting that the government failed to provide such documents, Mr. Schultz concludes that the evidence against him was insufficient to sustain the agency's removal order.

---

[1] Because there is no indication that the records were submitted by electronic means, 8 U.S.C. § 1229a(c)(3)(C) is inapplicable.

Initially, we note that contrary to Mr. Schultz's representations, he did not challenge the admissibility of Exhibit 7 before the BIA. Indeed, as the BIA stated in its decision, Mr. Schultz "ma[de] no argument as to the authenticity or proper certification of Exhibit 7." Admin. R. at 3. Because he failed to raise this issue before the BIA, it is abandoned and we cannot consider it. *See Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam) ("The failure to raise an issue on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter." (quotation omitted)). Moreover, as the BIA recognized, Mr. Schultz's status as an aggravated felon was demonstrated by Exhibit 7, which was sufficient to establish his removability.

Nonetheless, turning to Exhibit 6, we see that the first page is a copy of Mr. Schultz's actual judgment and conviction. This record bears both a seal and signed attestation that satisfy both regulations. *See* 8 C.F.R. § 287.6(a) ("an official record . . . shall be evidenced . . . by a copy attested by the official having legal custody of the record"); *id.*, § 1003.41(b) (permitting the admission of conviction records that comply with the requirements of § 287.6(a)). This page also satisfies 8 U.S.C. § 1229a(c)(3)(B)(i), which provides that a certified copy of an official record of judgment and conviction constitutes proof of a criminal conviction. To the extent Mr. Schultz suggests that each page of Exhibit 6 must be certified, we note that the first, second, and last pages of the exhibit clearly

bear a state district court seal. *See* Admin. R. at 263-64, 273. Moreover, the last page also bears an inclusive attestation, signed and dated by the clerk of court, certifying "that the foregoing is a true and correct copy of an original document." *Id.* at 273. Given these and the other authenticating marks throughout Exhibit 6, we are satisfied that Mr. Schultz's conviction record was properly certified under the requirements of 8 U.S.C. § 1229a(c)(3)(B), as well as 8 C.F.R. §§ 287.6 and 1003.41. Accordingly, we conclude that the agency's reliance on both Exhibits 6 and 7 was proper.

## B. Aggravated Felony

Mr. Schultz next argues that the crime of receiving or transferring a stolen motor vehicle does not qualify as an aggravated felony theft offense under § 1101(a)(43)(G). Our jurisdiction to consider this argument is foreclosed, however, because Mr. Schultz failed to raise the issue before the BIA and thereby failed to exhaust his administrative remedies. *See Akinwunmi*, 194 F.3d at 1341. In any event, our precedent contradicts Mr. Schultz's position. In *United States v. Vasquez-Flores*, 265 F.3d 1122, 1124-25 (10th Cir. 2001), we expressly held that the crime of receiving or transferring a stolen motor vehicle constitutes an aggravated felony theft offense because, under Utah law, it entails a knowing exercise of control over another's property without consent. Although *Vasquez-Flores* is a criminal case, its classification of this crime as an aggravated felony was based on the phrase "theft offense" under § 1101(a)(43)(G), and the

elements of the offense as defined by Utah law. *See id.* (examining and adopting the reasoning of *Hernandez-Mancilla v. INS*, 246 F.3d 1002 (7th Cir. 2001)). Hence, Mr. Schultz's contention is without merit.

### C. Ineligibility for Asylum and Cancellation of Removal

Lastly, Mr. Schultz contends the IJ erred in finding him ineligible for asylum and cancellation of removal. Maintaining that his convictions are not qualifying aggravated felonies, Mr. Schultz argues that his claims for asylum and cancellation of removal ought to be allowed to proceed. But as we have already held, the crime of receiving or transferring a stolen motor vehicle is an aggravated felony theft offense under § 1101(a)(43)(G). We therefore conclude the IJ correctly determined that Mr. Schultz was not eligible for either form of relief. *See* 8 U.S.C. §§ 1229b(a)(3) and 1158(b)(2).

### III. Conclusion

The petition for review is DENIED.

Entered for the Court


John C. Porfilio
Circuit Judge

-7-