**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN CARLOS ELIZADE-
ALTAMIRANO, a/k/a Jorge Islas-
Perez,

Defendant-Appellant.

No. 06-4143
(D.C. No. 1:05-CR-157-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **McKAY**, **LUCERO**, and **HOLMES**, Circuit Judges.

Defendant Juan Carlos Elizade-Altamirano pleaded guilty to illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326, and was sentenced to twenty-four months' imprisonment and twelve months of supervised release. At sentencing, the district court followed the recommendation provided in the presentence report and classified Defendant's prior Utah misdemeanor joyriding conviction as an "aggravated felony." As a result, the district court imposed an

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

eight-level sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

Defendant appeals the imposition of this sentencing enhancement.

We review a district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Martinez-Macias*, 472 F.3d 1216, 1218 (10th Cir. 2007). Section 2L1.2(b)(1)(C) calls for an eight-level sentencing increase where a defendant previously was deported following a conviction for an aggravated felony. Under the Sentencing Guidelines, "aggravated felony" has the same meaning given that term by Section 101(a)(43) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43). *See* U.S.S.G. § 2L1.2, cmt. 3(A). According to INA § 101(a)(43)(g), the term "aggravated felony" includes "a theft offense (including the receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." *See* 8 U.S.C. § 1101(a)(43)(g). The phrase "theft offense (including the receipt of stolen property)" is not further defined.

Defendant previously received a one-year suspended sentence following his conviction in Utah state court for joyriding, a class A misdemeanor. *See* Utah Code Ann. § 41-1a-1314(1). Under the INA, a misdemeanor conviction may qualify as an aggravated felony if a one-year sentence is imposed, even if that sentence is entirely suspended. *See* 8 U.S.C. § 1101(a)(48)(B). Thus, the question facing this court is whether the term "theft offense" as employed by the INA includes the crime of joyriding as defined by Utah law, such that joyriding must be labeled an "aggravated felony" warranting the eight-level sentencing

enhancement under § 2L1.2(b)(1)(C).

In analyzing this question, we employ the "categorical approach" established by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599-600 (1990), and need "look only to the fact of conviction and the statutory definition of the prior offense" to resolve the issue. *Id.* at 602; *see also United States v. Hernandez-Rodriguez*, 388 F.3d 779, 782 (10th Cir. 2004).

Under Utah law, a person is guilty of misdemeanor joyriding if he "exercise[s] unauthorized control over a motor vehicle that is not his own, without the consent of the owner or lawful custodian, and with the intent to temporarily deprive the owner or lawful custodian of possession of the motor vehicle." Utah Code Ann. § 41-1a-1314(1). We compare this definition to that set forth in *United States v. Vasquez-Flores*, 265 F.3d 1122 (10th Cir. 2001), which stated that:

> distilled to its essence, . . . the modern, generic, and broad definition of the entire phrase "theft offense (including receipt of stolen property)" is a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent.

*Id.* at 1125 (alteration in original) (quoting *Hernandez-Mancilla v. INS*, 246 F.3d 1002, 1009 (7th Cir. 2001)).

Defendant argues that joyriding involves so limited a deprivation that it falls outside the generic definition of "theft offense." According to Defendant,

-3-

joyriding "could entail only a brief borrowing of a vehicle without any significant interference with ownership rights" and "the reference in *Vasquez-Flores* to deprivations which are 'less than permanent' is dicta." (Def.'s Reply Br. at 2; *see id.* ("In ruling on this issue, the court in *Vasquez-Flores* did not need to consider, *and did not consider*, whether a minor, temporary deprivation of property should be considered as a theft offense.").) Rather, Defendant urges this court to apply the reasoning of the Model Penal Code, which "draws a fundamental distinction between a temporary unauthorized use of a vehicle and a theft." (Def.'s Opening Br. at 15 (citing MPC § 223.9).)

Defendant's position that the generic definition stated in *Vasquez-Flores* is mere dicta is wrong. The fact that *Vasquez-Flores* dealt with a different Utah law does not alter the importance or necessity of its statement. Defining "theft offense" in the § 2L1.2(b)(1)(C) context[1] was essential to the determination of the issue on appeal in *Vasquez-Flores*. *See Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1184 (10th Cir. 1995) ("Dicta are 'statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand.'" (quoting Black's Law Dictionary 454 (6th ed. 1990))).

Moreover, *Vasquez-Flores* acknowledged the role the MPC played in the

---

[1] *Vasquez-Flores* concerned the predecessor to § 2L1.2(b)(1)(C), then designated § 2L1.2(b)(1)(A).

-4-

reasoning of other courts in deriving the broader generic definition and implicitly elected to define "theft offense" more broadly than the MPC definition. *See Vasquez-Flores*, 265 F.3d at 1124-25; *see also United States v. Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002) ("Although use of the MPC is certainly a plausible approach, adoption of the standard established by the two other circuits that have construed the phrase makes more sense in a national context."). As we concluded in *Vasquez-Flores*, "'theft offense (including receipt of stolen property)' includes more crimes than just 'theft'" because Congress' intentional use of the phrase "theft offense" "'signal[s] that it was not presenting an exhaustive list of offenses (i.e. just theft and receipt).'" *Vasquez-Flores*, 265 F.3d at 1124 (quoting *Hernandez-Mancilla*, 246 F.3d at 1008). Accordingly, we interpret the phrase broadly. *See id.*

Our interpretation leads us to conclude that the state statute fits within the federal generic definition. The fact that Section 41-1a-1314(1) criminalizes joyriding based in part on an "intent to temporarily deprive the owner . . . of the motor vehicle" is completely in line with *Vasquez-Flores*'s "less than total or permanent" intent language.[2] *Cf. Gonzales v. Duenas-Alvarez*, --- U.S. ----, 127

---

[2] While we have rejected the view that whether a particular crime constitutes an aggravated felony under the definitions referred to in the Sentencing Guidelines depends upon how the crime is characterized under state law, *see United States v. Frias-Trujillo*, 9 F.3d 875, 876 n.1 (10th Cir. 1993), we observe that Utah law treats both misdemeanor and felony joyriding as a lesser-

(continued...)

-5-

S. Ct. 815, 822 (2007) ("[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.").

Based on our determination that a Utah misdemeanor joyriding conviction constitutes an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(g), we **AFFIRM** Defendant's conviction and sentence.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2](...continued)
included-offense of theft, *see* Utah Code Ann. § 41-1a-1314(5); *see also State v. Cornish*, 568 P.2d 360, 362 (Utah 1977).